**Elena COLES, Appellant,**

v.

**KELLY SERVICES, Appellee.**

**No. 03–7168.**

United States Court of Appeals, District of Columbia Circuit.

July 20, 2004.

Elena Coles, Silver Spring, MD, pro se.

Ronda B. Esaw, McGuireWoods, Mc-Lean, VA, Amy Elizabeth Miller, McGuire-Woods, Washington, DC, for Defendant–Appellee.

Before EDWARDS, RANDOLPH, and ROBERTS, Circuit Judges.

*JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

■ ORDERED AND ADJUDGED that the judgment of the district court be affirmed. Under Title VII an employer may be held liable for harassment at the hands of a non-supervisory co-worker only if it knew of harassment and failed to take prompt and appropriate remedial action. *See Curry v. District of Columbia*, 195 F.3d 654, 660 (D.C.Cir.1999). As appellant never returned to the Walter Reed Army Medical Center after reporting the alleged sexual harassment on July 6, 2001, appellee cannot be said to have failed to take appropriate measures to end the alleged harassment. *See Curry*, 195 F.3d at 660 (as a matter of law an employer is not liable for sexual harassment of which it had no notice until after conduct ceased).

■ Appellant's retaliation claim also lacks merit. Once the employer has offered a legitimate, nondiscriminatory reason for a challenged action, a plaintiff must produce evidence sufficient for a trier of fact to conclude that the proffered reason was not the actual or sole basis for the disputed action. *See Thomas v. National Football League Players Ass'n*, 131 F.3d 198, 202 (D.C.Cir.1997), *vacated in part on other grounds*, No. 96–7242, 1998 WL 1988451 (Feb. 25, 1998). Here, appellant offered no evidence contradicting appellee's showing that Walter Reed employee Ann DeSoto requested a replacement for appellant on July 9, 2001, and told appellee's management that appellant had been rude to patients, submitted a false time-card, slapped a fellow employee, and resigned from Walter Reed. As this information provided a legitimate, non-retaliatory basis for Kelly to remove Coles from the Walter Reed assignment or terminate her outright, the district court was correct in its conclusion that appellant's retaliation claim fails as a matter of law. *See Thomas*, 131 F.3d at 202.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.